**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| RUBEN CAMPA AND MARIA CAMPA, | § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. 10-2707 |
| NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY AND DANIEL HUSSER, | § § § § § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

This is one of many insurance cases filed in the federal courts in the Southern District of Texas, Houston Division, in the two years since Hurricane Ike caused significant damage in this area. The plaintiffs, Ruben Campa and Maria Campa, sued their homeowners' insurer, Nationwide Property and Casualty Insurance Company, and an adjuster, Daniel Husser, in state court. The defendants timely removed on the basis of diversity jurisdiction, which is not challenged. The defendants then moved for partial dismissal under Rule 8 and Rule 9(b) of the Federal Rules of Civil Procedure. The defendants urge that the original petition filed in state court is generally deficient under the federal pleading standard set in Rule 8 and in particular that the fraud and misrepresentation claims are deficient under the heightened pleading standard set in Rule 9. (Docket Entry No. 3). The plaintiffs have responded, (Docket Entry No. 6). The plaintiffs oppose the motion but also seek leave to amend to conform to federal pleading requirements.

**I.     Rule 9(b)**

A dismissal for failure to plead with particularity in accordance with Federal Rule of Civil Procedure 9(b) is treated as a Rule 12(b)(6) dismissal for failure to state a claim. *Lovelace v. Software Spectrum, Inc.,* 78 F.3d 1015, 1017 (5th Cir. 1996). Rule 9(b) provides that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). The amount of particularity required for pleading fraud differs from case to case. *See Benchmark Elec., Inc. v. J.M. Huber Corp.,* 343 F.3d 719, 724 (5th Cir. 2003), *modified on other grounds,* 355 F.3d 356 (5th Cir. 2003); *see also Williams v. WMX Techs., Inc.,* 112 F.3d 175, 178 (5th Cir. 1997) (noting that "courts have emphasized that Rule 9(b)'s ultimate meaning is context-specific"). In the Fifth Circuit, the Rule 9(b) standard requires "specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation why they were fraudulent." *Plotkin v. IP Axess Inc.,* 407 F.3d 690, 696 (5th Cir. 2005); *see also Southland § Corp. v. INSpire Ins. Solutions, Inc.,* 365 F.3d 353, 362 (5th Cir.2004). Essentially, the standard requires the complaint to allege answers to "newspaper questions" ("who, what, when, where, and how") of the alleged fraud. *Melder v. Morris,* 27 F.3d 1097, 1100 n.5 (5th Cir.1994); *Berry v. Indianapolis Life Ins. Co.,* 608 F. Supp. 2d 785, 796 (N.D. Tex. 2009). Similar "[c]laims alleging violations of the DTPA are subject to the requirements of Rule 9(b)." *Patel v. Holiday Hospitality Franchising, Inc.,* 172 F. Supp. 2d 821, 824-25 (N.D. Tex.2001) (citing cases); *Krames v. Bohannon Holman*, *LLC*, No. 3:06-CV-2370-O, 2009 WL 762205, at *10 (N.D. Tex. Mar. 24, 2009).

A court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *Great Plaints Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *United States ex rel. Adrian v. Regents of the Univ. of Cal.,* 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion." (citations omitted)). The court should deny leave to amend if it determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its fact. . . ." 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROC. § 1487 (2d ed. 1990).

In this case, the fraud, conspiracy to commit fraud, and DTPA allegations do not include any of these required elements. Although the plaintiffs urge that they are asserting a fraud by conduct claim, their petition alleges fraudulent representations of material facts. (Docket Entry No. 1, ¶¶ 40, 41, 47). The motion for partial dismissal of the fraud, conspiracy, misrepresentation, and DTPA claims for failure to comply with Rule 9 is granted, with leave to amend by **October 4, 2010**.

**II.     Rule 8**

Motions to dismiss for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim. *See Ramming v. United States,* 281 F.3d 158, 161–62 (5th Cir. 2001); *St. Germain v. Howard,* 556 F.3d 261, 263 n.2 (5th Cir. 2009) (citing *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir.2007) ("To survive a Rule

3

12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'")). The petition alleges that the plaintiffs' home was damaged, particularly the roof, which in turn caused water damage in the home. The petition alleges that Husser, the adjuster, did only a "substandard" inspection and gave an estimate that was inadequate to cover the necessary repairs; that Nationwide denied some of the claim for repairs; that Nationwide underpaid other claims; that Nationwide delayed in affirming or denying coverage and in paying; and that Nationwide and Husser failed to attempt a settlement of the claim and failed to explain to the plaintiffs their reasons for failing to do so. The allegations distinguish between those that apply to only Nationwide, those that are based on Husser's conduct, and those that apply to both. The allegations are more than "legal conclusions couched as factual allegations" that other courts have found inadequate. *See Bailey v. State Farm Lloyds,* No. H-00-3638, 2001 WL 34106907, at *4–6 (S.D. Tex. April 12, 2001) (finding allegations against both the insurance company and the adjusters that apparently denied the plaintiff's claim were "near-verbatim recitation[s]" of the insurance code that did not state a claim against the adjusters personally because there were no facts alleging what acts were attributable to the adjusters as opposed to the insurance company); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.,* 4:09-CV-165-A, 2009 WL 1437837, at *3–4 (N.D. Tex. May 22, 2009) (finding allegations that listed Insurance Code provisions and asserted that both "Defendants" violated such provisions "are really legal conclusions couched as factual allegations," and stating, "The problem plaintiff has with each of these alleged violations is that it has alleged no facts to show that [the adjuster] performed any act that could be construed as a violation of any of the aforementioned sections [of the Insurance Code]."); *Broadway v. Brewer,* No. 4:08CV475, 2009 WL 1445449, at *2 (E.D. Tex. May 21, 2009) (finding a petition listing statutory provisions of the

4

Insurance Code that were violated by "Defendants" "does not, on its face, allege facts supporting an independent cause of action against [the insurance agent]"); *First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co.,* No. 1:07-CV-988, 2008 WL 4533729, at *6 (E.D. Tex. Sept. 29, 2008) (finding petition listing violations of the Insurance Code committed by the insurance company and then incorporating those violations against the adjuster did not state a claim against the adjuster because "[n]o specific code violations are attributed to [the adjuster] . . . . Ultimately, all allegations are conclusory, wholly lacking specific factual support, and merely assert that [the adjuster] violated the Texas Insurance Code.").

  The motion to dismiss for failing to comply with Rule 8 is denied.

  SIGNED on September 7, 2010, at Houston, Texas.

                Lee H. Rosenthal
                United States District Judge